RAMON EDDIE MENDEZ (632404)
Name and Prisoner/Booking Number
CMF - VACAVILLE
Place of Confinement
P.O. BOX 2000 (A2/230)
Mailing Address
VACAVILLE, CA 95696
City, State, Zip Code

FILED
Jun 24, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMON EDDIE MENDEZ
(Full Name of Plaintiff)
        Plaintiff,

v.

(1) A. MORALES;
(Full Name of Defendant)
(2) R. RAPHAEL;
(3) D. MATTHEWS.
(4) _____
        Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-1084 EFB (PC)
(To be supplied by the Clerk)

PRELIMINARY INJUNCTION
DEMAND FOR JURY TRIAL
CIVIL RIGHTS COMPLAINT
BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: CALIFORNIA STATE PRISON - SACRAMENTO

Revised 3/15/2016

1

## B. DEFENDANTS

1. Name of first Defendant: __A. MORALES__. The first Defendant is employed as: __CORRECTIONAL OFFICER__ at __CSP - SACRAMENTO__.
   (Position and Title)                    (Institution)

2. Name of second Defendant: __R. RAPHAEL__. The second Defendant is employed as: __CORRECTIONAL OFFICER__ at __CSP - SACRAMENTO__.
   (Position and Title)                    (Institution)

3. Name of third Defendant: __D. MATTHEWS__. The third Defendant is employed as: __CORRECTIONAL LIEUTENANT__ at __CSP - SACRAMENTO__.
   (Position and Title)                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☒ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

D. CAUSE OF ACTION

CLAIM I

1. State the constitutional or other federal civil right that was violated: DEFENDANT(S) VIOLATED THE 1st AMEND. OF THE U.S. CONSTITUTION.

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☒ Retaliation

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

( See: Page(s) 3A through 3L ).

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
PLAINTIFF ASSERT HIS FIRST AMENDMENT U.S. CONSTITUTIONAL PROTECTIONS, STATING NO INJURY MUST BE ALLEGED OR PROVEN UNDER THE 1st AMENT, TO RECEIVE DAMAGES

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## STATEMENT OF FACTS

1). Plaintiff is a CDCR (California Department of Corrections and Rehabilitation) inmate with a sever Mental Health Illness / Substance Dependence Disorder. Plaintiff mental illness lead to plaintiff being charged with a Felony in the Criminal Court in the Superior Court of Sacramento. Plaintiff would be transferred from the institution where the offense occured (CSP-Sacramento), to CSP-Corcoran. Plaintiff would subsequently be transferred back and forth between CSP-Corcoran, and CSP-Sacramento.

2). Specifically, on July 1, 2019, Plaintiff transferred from an out of court transport to CSP-Sacramento from CSP-Corcoran. Upon arrival at CSP-Sacramento Receiving & Release (R&R); Plaintiff was forcefully placed in a "2x2" standing cage by CSP-Sac-Correctional Officer A. MORALES, and CSP-Sac-Correctional Officer R. RAPHAEL, Plaintiff repeatedly informed C/O A. MORALES and C/O R. RAPHAEL that he had been in the standing cage over 4 hours over [4] different times but C/O A. MORALES and C/O R. RAHAEL dismissed Plaintiff

3A

informal complaint of being in the Standing Cage for over 9 Hours.

3). CSP-Sacramento C/O A. MORALES, and R. RAPHAEL were the primary Correctional Staff responsible for his Safe Keeping, and Escort to Assigned Housing upon return from Court. On July 1, 2019, after eight hours had passed; Plaintiff became numb in his pain, and Plaintiff neck, and shoulders temporary lose feeling, and then Plaintiff began to experience excruciating pain in his knees, and lower back for standing in a 2 x 2 without anywhere to sit and no room to move to generate circulation in his body.. Plaintiff was unable to lift his leg; or bend over; or stretch because the cage was for Standing only. Plaintiff began to doze off, and loose consciousness but for the final time at approximately 1900 hours; Plaintiff requested one last meeting with C/O A. MORENO; and A. MORENO appeared in front of the Standing Cage near CSP-Sac - R & R enterance; and Plaintiff stated: "Can you make sure I'm escorted to my cell before shift change?" C/O A. MORALES replied: "Stop complaining; Your acting like a broad!" Plaintiff then said "Its illegal to keep me in the cage for over 4 hours. I'm going to 602 you!" C/O A. MORALES said "Don't

3B

do something you'll regret," and angerily walked away from the standing cage; leaving Plaintiff in the Standing cage to the next shift; and Plaintiff would be housed in his cell at 12:30 P.M, Plaintiff did inform C/o A. MORALES, and C/o R. RAPHAEL that he lost circulation in his left, and right legs, Plaintiff collapsed, but C/o A. MORALES and C/o R. RAPHAEL did not provide Plaintiff medical attention, or place Plaintiff in a Holding Tank.

4). Plaintiff was housed at 12:30 a.m., and left to heal himself because the [4] CDCR 7362's he submitted were not processed, and Plaintiff did not receive medical attention. Plaintiff would retrieve a CDCR 602 Inmate/Parolee Appeal, and submit the 602 to CSP-Sacramento Office of Appeals. In the portion of the 602 where it read: "Explain your Issue"; Plaintiff wrote: "On July 1, 2018, I was transferred from Corcoran state Prison to CSP-Sacramento. I arrived at R&R as Sac approximately 2:00 p.m., I was placed in a small cage that is estimated to 4 feet by 4 feet all around. I was housed till 12:30 am. This is a violation of the eight amendment, cruel & unusual punishment to be in a cage for almost 11 hours."(sic) "I was forced to stand for a long period and when I would attempt to sit down on the floor I wasn't able to

3 C

1 stretch my legs forward cutting the circulation on
2 my legs; this was extremely painful to not be able
3 to stretch" (sic) "I am CCCMS and I take
4 Remeron Medication which made my suffering
5 worst." Plaintiff specifically requested: " to be
6 compensated" for his ongoing medical
7 injuries, and C/O A. MORENO, C/O R. RAPHAEL,
8 and CSP-Sacramento-R&R "Correctiona Staff"
9 Misconduct. On July 25, 2019, CSP-Sacramento
10 Office of Appeals received Plaintiff 602, and
11 assigned it Appeal Log # 03142.
12
13   5). On August 6, 2019, Plaintiff was
14 in his assigned cell, and was notified that he
15 was going to be interviewed by CSP-Sacramento
16 Correctional Lieutenant D. MATTHEWS. As Plaintiff
17 entered Correctional Lieutenant D. MATTHEWS
18 office; D. MATTHEWS asked Plaintiff did he wish to
19 add anything to his 602; and Plaintiff explained
20 in detail the facts related to his 602; D. MATTHEWS wrote
21 "You stated you did not remember the name of the
22 staff working in Receiving and Release. You stated
23 there were other inmates in Receiving and
24 Release and some of those inmates were received
25 after you and were housed before you. You stated
26 this is not the first th time this had happened
27 to you." (sic) "you stated you were humiliated
28

3 D

1 because you were in a cage so long you had to urinate
2 on yourself." Plaintiff was in fear to mention
3 or identify A. MORALES, or R. RAPHAEL but
4 Plaintiff provided enough information to D. MATTHEWS
5 to allow him to address his concerns, but
6 Plaintiff would still experience torturous conditions
7 on more than one occasion(s)
8 after the filing of Appeal Log # 03142.
9
10       6). In September 13, 2019, Plaintiff
11 generated a CDCR Form 22, and addressed to
12 CSP- Sacramento - R&R - Correctional Lieutenant
13 G. ELLIN. The CDCR Form 22 dated 9/13/19,
14 read: " I'm scheduled to transfer to court
15 (December), or after said date; can you please
16 make sure I'm held in a Holding Tank, and
17 not a standing cage.? Because I have medical
18 concerns." Correctional Lieutenant G. ELLIN
19 failed to respond.
20
21       7). On September 19, 2019, CSP- Associate
22 Deputy Warden J. LYNCH responded to Appeal log #
23 03142, and partially Granted Appeal stating: "A
24 review of the allegations of staff misconduct presented
25 in the written complaint has been completed. Based
26 upon this review your appeal is being processed as
27 an Appeal Inquiry." and Warden J. LYNCH
28

$3^E$

"The following witnesses were questioned: Correctional Officer A. Morales, Correctional Officer R. Raphael, Correctional Lieutenant G. Ellin, and Associate Warden S. Richmond." and J. LYNCH based his decision to "Partially Grant" Appeal Log # 03142 on the "External Movement Report, Bed Request Batch Report, Bed Assignment Report, and confidential emails from July 01, 2019, regarding housing out of Receiving and Release." Nontheless, Plaintiff submitted Appeal Log # 03142 to CDCR office of Appeals on 11/7/11.

8). On November 7, 2019, Plaintiff notified CDCR Office of Appeals that "it is blautant that interviewer, Lt. D. MATTHEWS is exercising collusive tactics to minimize and deviate the issue, by classifying it as a "appeal inquiry". appellant admonished that C/o A. Morales and C/o R. Raphael were at fault since it was there responsibility to **provide** restroom, considering appellant was deprived of a restroom appellant was not able to hold it any longer and urinated, furthermore, conveyed that the (A.W.) was also at fault since it's a problem every time appellant comes to court at sac. The pretxist time 4·11·19 appellant was in the same cage 10 hours, and the measurment were acturaty 2x2 cages. This was confirmed by

3F

interviews, Appellant expounded on the facts & nature of the matter and c/o's were identified therefor classifying as appeal inquiry is without basis." And Plaintiff clarified the repeated acts of CDCR CSP-Sac- R & R; and C/O A. MORALES, and C/O R. RAPHAEL cruel, and unusual treatment of him by stating in Appeal Log # 03142 that " Interviewer eluded the amount of time it took R & R to house him" by simple listing unreasonable amount of times" Plaintiff would receive a response to this assertion of facts in Appeal Log # 03142.

9). On February 24, 2020, CDCR office of Appeals Appeals Examiner M. HODGES issued a third level response to Appeal Log # 03142. M. HODGES " Denied" Appeal Log # 03142 in its entirety stating: " All staff personnel matters are confidential in nature and will not be disclosed to other staff, the general public, the inmate population, or the appellant. If the conduct of staff was determined to not be in compliance with policy, the institution will take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry. While the Appellant has the right to submit an appeal as a staff complaint, request for administrative action regarding staff; the

3 G

placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or request for monetary compensation, are beyond the scope of the appeals process." The February 24, 2020 decision by Appeals Examiner M. HODGES; exhaust all available/ and unavailable remedies in CDCR.

## FIRST CAUSE OF ACTION

10). The named, and un-named; known, or unknown defendants; identified, or unidentified in this cause of action violated the FIRST AMENDMENT of the U.S. Constitution while performing their duties in their official, and Individual capacity; with a culpable mindset, and the intent to deny, obstruct, and frustrate Plaintiff access to the courts, through means of retaliation, threats, and intimidate without and justifiable penological interest.

11). On July 1, 2019, CSP- Sacramento Correctional Officer A. MORALES violated the FIRST AMENDMENT of the U.S. Constitution. Defendant A. MORALES violated the 1st Amend. of the U.S. Const., when he: 1). Knowingly, and Intentionally threatened Plaintiff with future reprisal if he filed a 602; 2). Knowingly and Intentionally used intimidation, and threats to

3H

dissuade Plaintiff from filing, a 602, and seeking future Judicial Recourse, in collaboration with Lt. D. MATTHEWS

12). On August 6, 2019, CSP-Sacramento Lieutenant D. MATTHEWS violated the FIRST AMENDMENT of the U.S. Constitution. Defendant D. MATTHEWS violated the 1st Amend. of the U.S. Const., when she: 1). Knowingly, and Deliberately collaborated with Defendant A. MORALES to execute a plan of retaliation by frustrate Administrative Review, and 2). Maliciously, and vindictively refused to record Plaintiff statement at the August 6, 2019 interview to protect Defendants A. MORALES identify.

## SECOND CAUSE OF ACTION

13). The named, and un-named; known, or unknown defendants; identified, or unidentified in this cause of action violated the EIGHTH AMENDMENT of the U.S. Constitution while performing their duties in their Official, and Individual capacity; with Deliberate Indifference to Plaintiff Medical Needs, and his Mental Health by maliciously, deliberately, and intentionally denying, omitting, delaying, and interfering with Plaintiff right to access Medical Treatment, and Mental Health Services. The Defendant

3 I

/parties knowingly, and wantonly committed acts that consisted of torture, and reckless indifference to Plaintiff health, safety, and welfare which imposed conditions of cruel and unusual punishment on Plaintiff.

14) On April 11, 2019; and July 1, 2019, CSP-Sacramento Correctional Officer A. MORALES violated the EIGHTH AMENDMENT of the U.S. Constitution. Defendant A. MORALES violated the 8th Amend. of the U.S. Const;. guarantee of Plaintiff right to be free from Cruel and Unusal Punishment when he: 1). Maliciously, Intentionally, and **Willfully** disregarded Plaintiff helth, safety, and welfare when he wantonly and knowingly placed Plaintiff in a Standing Holding Cage beyond (4) hours; 2). Ignored, and **Failed** to allow Plaintiff to use the rest[room] for over a period of (4) hours; (3). Maliciously, and callously refused to issue Plaintiff a shake lunch or **State** meal, (4). Knowingly, and Deliberately denied Plaintiff medical treatment by ignoring Plaintiff notice to him that his knee, feet, and back was in pain from standing in a cage for in excess of 4 hours; (5). Maliciously, and Willfully placed Plaintiff in a Standing cage each time

3 J

he returned from court, and (b). Failed, and refused to provide Plaintiff mental health care after he informed him that he suffered from a Mental Health Disorder, and consumed Anti-Psychotic, and Anti-Depressant that required him to be hydrated; and in a habitable housing.

15). On April 11, 2019, and July 1, 2019, CSP-Sacramento Correctional Officer R. RAPHAEL violated the EIGHTH AMENDMENT of the U.S. Constitution. Defendant R. RAPHAEL violated the 8th Amend. of the U.S. Const., guarantee of Plaintiff right to be free from Cruel and Unusal Punishment when he:
1). Knowingly, Wantonly, and Willfully acted in conjunction with Defendant A. MORALES decision, and action to disregard Plaintiff health, safety, and welfare by placing Plaintiff in a Standing Cage for excess of 4 hours;
(2). Maliciously, and Intentionally housed Plaintiff in a Standing Cage for over 4 hours each time he returned from court with the prerequisite Knowledge that [he] and Defendant A. MORALES would deny Plaintiff restroom, and housing needs;
(3). Knowingly, and Deliberately denied Plaintiff

3<sup>K</sup>

medical Care; and Mental Health treatment after Plaintiff informed him that he was experiencing pain in his knee, feet and back; and (4). Maliciously, and Vindictively ignored the excessive risk of harm posed to Plaintiff over all welfare based on his consumption of Anti-Psychotic, and Anti-Depressant Medication.

3.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: DEFENDANT(S) VIOLATED THE 8th AMEND., OF THE U.S. CONSTITUTION.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - [x] Basic necessities
   - [ ] Mail
   - [ ] Access to the court
   - [ ] Medical care
   - [ ] Disciplinary proceedings
   - [ ] Property
   - [ ] Exercise of religion
   - [ ] Retaliation
   - [ ] Excessive force by an officer
   - [ ] Threat to safety
   - [ ] Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ( See: Pag(s) 3A through 3L ).

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   PLAINTIFF ASSERT INJURIES TO HIS BACK; FEET; NECK; AND KNEE FROM BEING HOUSED IN A Standing Cage ON SEVERAL OCCASIONS WITHOUT ACCESS TO BASIC NECESSITIES.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? [x] Yes [ ] No
   b. Did you submit a request for administrative relief on Claim II? [x] Yes [ ] No
   c. Did you appeal your request for relief on Claim II to the highest level? [x] Yes [ ] No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: DEFENDANT(S) VIOLATED THE 8th AMEND., OF THE U.S. CONSTITUTION.

2. Claim III. Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ( See: Page(s) 3A through 3L )

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). PLAINTIFF SUSTAINED INJURIES TO HIS PHYSICAL, AND MENTAL ELEMENTS FROM BEING FORCED TO STAND IN A temporary Standing Cage ON SEVERAL OCCASIONS.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

E. REQUEST FOR RELIEF

State the relief you are seeking:

16). Plaintiff seek compensatory, and punitive damages.

17). Plaintiff request an emergency hearing to put forth evidence to receive a Preliminary Injuction to Access Serious Medical, and Mental Health Care to recovery from his Injuries.

18). Plaintiff seet declaratory relief to prevent him from torture.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    6·23·22
                DATE

_Ramon Mendez_
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

Case Name: Mendez v. Morales

Case Number: _____

Court: District Court (Eastern)

## PROOF OF SERVICE BY MAIL

I, RAMON E. MENDEZ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on 6·23·22 I served the attached: a true copy of the attached:

CIVIL RIGHTS COMPLAINT BY A PRISONER (42 U.S.C. § 1983)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

1).

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on 6·23·22 at the California Medical Facility, Vacaville, California.

Ramon Eddy Mendez
Declarant

_Ramon Mendez_
Declarant's Signature