1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAMON EDDIE MENDEZ,                    No. 2:22-cv-01084-EFB (PC)

12              Plaintiff,

13        v.                                ORDER

14   A. MORALES, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint, he has filed an application for leave to proceed

19   in forma pauperis pursuant to 28 U.S.C. § 1915.

20                        Application to Proceed In Forma Pauperis

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25                                Screening Standards

26        Federal courts must engage in a preliminary screening of cases in which prisoners seek

27   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

                                          1

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3   relief." *Id.* § 1915A(b).

4        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16   678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24                      Screening Order

25        Plaintiff's complaint (ECF No. 1) alleges that in 2019, he was occasionally transferred

26   between California State Prison, Corcoran and California State Prison, Sacramento.  *Id.* at 4.

27   Plaintiff claims that every time he arrived in Sacramento, he would be improperly confined for

28   hours in a standing cage.  *Id.* at 9, 13-14.  Plaintiff alleges that he could not sit, stretch or bend

over in the cage.  *Id.* at 5.   Two of these alleged instances are described in the complaint.  The first alleged instance occurred on April 11, 2019.  Defendant correctional officers Raphael and Morales allegedly confined plaintiff to the standing cage for ten hours, and denied him food, medical care for his pain, and use of a bathroom.  *Id.* at 9, 13.  The second alleged instance occurred on July 1, 2019.  *Id.* at 4.  Both defendants allegedly ignored plaintiff's complaints, even as he experienced both numbness and pain, lost consciousness and collapsed.  *Id.* at 4-6.  Plaintiff allegedly was confined to the standing cage for almost eleven hours and was forced to urinate on himself.  *Id.* at 8.  When over four hours had passed, plaintiff told Morales he would be filing an administrative complaint against him.  *Id.* at 5.  In response, Morales allegedly threatened "Don't do something you'll regret" and angrily walked away from the standing cage until the next shift arrived.  *Id.* at 5-6.  Plaintiff alleges that he filed administrative complaints and defendant Matthews "collaborated" with defendant Morales "to execute a plan of retaliation by frustrat[ing] administrative review."  *Id.* at 12.

Liberally construed, the allegations are sufficient to state an Eighth Amendment conditions of confinement claim against defendants Morales and Raphael and a First Amendment retaliation claim against defendant Morales.  The allegations against defendant Matthews, however, fail to state a claim upon which relief could be granted.  A First Amendment retaliation claim requires a showing that a defendant took adverse action against a plaintiff because the plaintiff engaged in conduct that is protected by the First Amendment.  *See Rhodes v. Robinson,* 408 F.3d 559, 567-568 (9th Cir. 2005).  Plaintiff has not clearly alleged that Matthews retaliated against him because of his engagement in any conduct protected by the First Amendment, nor has he alleged how Matthews collaborated with Morales.  Moreover, there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above.  Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d

3

1  740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

2  he does an act, participates in another's act or omits to perform an act he is legally required to do

3  that causes the alleged deprivation).  Plaintiff is not obligated to file an amended complaint.

4        Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the

5  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

6        Any amended complaint must be written or typed so that it so that it is complete in itself

7  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

8  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

9  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

10  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

11  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

12  1967)).

13        The court cautions plaintiff that failure to comply with the Federal Rules of Civil

14  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

15  *See* Local Rule 110.

16  Conclusion

17       Accordingly, it is ORDERED that:

18     1.  Plaintiff's request to proceed in forma pauperis (ECF No. 4) is GRANTED.

19     2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

20        accordance with the notice to the California Department of Corrections and

21        Rehabilitation filed concurrently herewith.

22     3.  Plaintiff's complaint alleges, for screening purposes, potentially cognizable Eighth

23        Amendment conditions of confinement claims against defendants Morales and Raphael

24        and a First Amendment retaliation claim against defendant Morales.

25     4.  All other claims (including those against defendant Matthews) are dismissed with leave

26        to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his

27        complaint.

28  /////

5. Within thirty days of the date of this order, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated:  November 2, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    RAMON EDDIE MENDEZ,                       No.  2:22-cv-01084-EFB (PC)

10                    Plaintiff,

11          v.                                 NOTICE

12   A. MORALES, et al.,

13                    Defendants.

14

15          In accordance with the court's Screening Order, plaintiff hereby elects to:

16

17          (1) _____   proceed only with the Eighth Amendment conditions of confinement

18   claims against defendants Morales and Raphael and a First Amendment retaliation claim against

19   defendant Morales;

20

21          OR

22

23          (2) _____   delay serving any defendant and file an amended complaint.

24

25                                              _____

26                                                          Plaintiff

27   Dated:

28

                                            6